**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 26-10852

Non-Argument Calendar

————————————

DONALD GOINS,

*Petitioner-Appellant,*

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,

*Respondent-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cv-00346-WWB-SJH

————————————

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Donald Goins, a Florida prisoner proceeding pro se, filed a petition for habeas corpus under 28 U.S.C. § 2254 that the district court denied in a final order and judgment entered on January 26,

2026.  On March 9, 2026, Goins filed a notice of appeal challenging the denial.

Goins's notice of appeal is untimely to challenge the district court's January 26, 2026, final order and judgment.  To timely seek review of the final judgment, Goins needed to file a notice of appeal by February 25, 2026.  *See* 28 U.S.C. § 2107(a) (providing that, in a civil case in which there is no federal party, a notice of appeal must be filed within 30 days of the appealed order or judgment); Fed. R. App. P. 4(a)(1)(A) (same).  His notice of appeal, deemed filed on March 9, 2026, under the prison mailbox rule, is therefore untimely, and we lack jurisdiction to review the final judgment.  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (explaining that, in civil cases, the timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction); *Houston v. Lack*, 487 U.S. 266, 276 (1988); Fed. R. App. P. 4(c)(1).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.  All pending motions are DENIED as moot.